UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON TYRONE YOUNGBLOOD,

    Plaintiff,

v.                                 Case No. 2:23-cv-10079
                                      Honorable Sean F. Cox

PHILLIP WENGROWSKI,
RAYMOND ROLLET, and
DOYLE,

    Defendants.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT

This is a pro se prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff, Damon Youngblood, is a Michigan prisoner currently confined at the St. Louis Correctional Facility in St. Louis, Michigan. Plaintiff has filed a civil action against defendants Detective Phillip Wengrowski, Detective Sergeant Raymond Rollet, and Trooper Sergeant Doyle alleging that they violated his Fourth Amendment rights when they arrested him without a warrant. Upon initial screening, the Court concludes that the complaint will be dismissed without prejudice. Plaintiff will also be denied a certificate of appealability and permission to appeal *in forma pauperis* because an appeal from this decision cannot be taken in good faith.

### STANDARD OF REVIEW

Plaintiff has been granted *in forma pauperis* status. (ECF No. 6.) Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against

a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law.

*Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## FACTUAL ALLEGATIONS

Plaintiff alleges that on July 25, 2019, defendants entered a residence in Detroit pursuant to a search warrant. Plaintiff was present at the residence. He states that shortly after entry, he was placed into handcuffs and transported to the Michigan State Police Metro South Post. Plaintiff claims that he was then interrogated by defendants Detective Wengrowski and Detective Sergeant Rollet. After the interrogation ended, Detective Sergeant Rollet read him his *Miranda* rights and placed Plaintiff under arrest. Plaintiff alleges that defendants did not obtain a warrant for his arrest until June 25, 2020, approximately one year later. Plaintiff asserts that defendants' conduct violated his Fourth and Fifth Amendment rights. The Court takes judicial notice that on January 18, 2022, Plaintiff was convicted of the crimes charged after a bench trial in the Wayne County Circuit Court. The state trial court sentenced him on June 3, 2022.

## DISCUSSION

Plaintiff's complaint is subject to dismissal for a few reasons.

First, Plaintiff's lawsuit for the alleged illegal arrest is subject to dismissal because his lawsuit would not be cognizable under § 1983 unless and until his conviction was overturned or invalidated. *See Schilling v. White*, 58 F. 3d 1081, 1085 (6th Cir. 1995). To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Although *Heck* does not completely bar Fourth Amendment claims, to recover compensatory damages based on allegedly

3

unreasonable search or seizure, a § 1983 plaintiff must prove not only that search or seizure was unlawful, but that it caused him or her actual, compensable injury, which does not encompass the injury of being convicted and imprisoned, until his conviction has been overturned. *Id*., at 487, n. 7. Because Plaintiff fails to allege that he suffered any injury from the alleged illegal arrest, beyond his being convicted and incarcerated, he cannot maintain a § 1983 action against the defendants. *See Poindexter v. Overton*, 110 Fed. Appx. 646, 647 (6th Cir. 2004) (prisoner's civil rights claim challenging his confinement, in which he alleged that his convictions were obtained pursuant to an illegal search and seizure, was not cognizable and therefore subject to dismissal, where defendant had failed to successfully challenge the validity of his underlying convictions); *Pergram v. Shortridge*, 96 Fed. Appx. 322 (6th Cir. 2004) (same).

Second, to the extent that Plaintiff seeks to have his criminal conviction set aside in this civil rights action, the action is more appropriately brought as a federal habeas corpus action pursuant to 28 U.S.C. § 2254. Where a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A plaintiff cannot seek injunctive relief relating to his criminal conviction in a § 1983 action. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Instead, "§ 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence." *Id*.

Finally, even if his allegations were not barred by *Heck*, Plaintiff's conclusory allegations that he was arrested without a warrant or probable cause are insufficient to state a claim for relief. *See Karafiat v. O'Mally*, 54 F. App'x. 192, 194 (6th Cir. 2002); *Iqbal*, 556 U.S. at 678; *Twombly*,

4

550 U.S. at 555; *see also Baytops v. Morrison,* No. 2:20-CV-12786, 2020 WL 6316812, at *3 (E.D. Mich. Oct. 28, 2020) (finding that vague and conclusory allegations are insufficient to state a civil rights claim against prison officials under § 1983).

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his or her clams if the conviction or sentence is later invalidated. *See Murphy v. Martin*, 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004). Therefore, the Court dismisses the complaint without prejudice because Plaintiff's § 1983 complaint is barred by *Heck*.

## ORDER

Accordingly, it is **ORDERED** that the Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Plaintiff is **DENIED** a certificate of appealability.

Further, it is **ORDERED** that Plaintiff is **DENIED** permission to appeal *in forma pauperis*.

IT IS SO ORDERED.

Dated: May 2, 2023           s/Sean F. Cox
                             Sean F. Cox
                             U. S. District Judge