UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON TYRONE YOUNGBLOOD,

    Plaintiff,

v.       Case No. 2:23-cv-10079
    Honorable Sean F. Cox

PHILLIP WENGROWSKI,
RAYMOND ROLLET, and
DOYLE,

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION OF FRAUD (ECF No. 9)

On January 4, 2023, Michigan prisoner Damon Tyrone Youngblood filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against defendants Detective Phillip Wengrowski, Detective Sergeant Raymond Rollet, and Trooper Sergeant Doyle concerning violations of his Fourth Amendment rights. (ECF No. 1.) On May 2, 2023, this Court summarily dismissed the case on the basis that Youngblood failed to state a claim upon which relief could be granted. (ECF No. 7.)

Presently before this Court is Youngblood's motion titled "Civil Action Motion of Fraud Mistake or Condition of Mind." (ECF No. 9.) Youngblood fails to provide any federal legal authority in support of that motion. Rather, he cites Michigan Court Rule 2.112 and Michigan case law and seems to assert that state authorities engaged in fraud to obtain a search warrant and convict him. Federal law, not state law, governs prisoner civil rights cases brought in federal court. Moreover, as the Court has previously ruled, Youngblood's Fourth Amendment claims are precluded by *Heck v. Humphrey*. He does not challenge the Court's dismissal on this basis.

To the extent that Youngblood's motion could be construed as being filed under Federal Rule of Civil Procedure 59(e), the motion is untimely. Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Youngblood filed his motion approximately fifteen months after the Court entered the judgment.

Lastly, to the extent the motion could be construed as being filed under Federal Rule of Civil Procedure 60(b), it is still untimely. "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), (3), no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Where a significant period of time has passed between the entry of judgment and the request for relief from it, a Rule 60(b) motion will be deemed untimely. *See, e.g. Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006) (a Rule 60(b)(4) motion was untimely where it was filed over eleven months after judgment). Youngblood offers no reason, let alone a compelling explanation, for his substantial delay in filing the present motion. The motion is deemed untimely.

Accordingly, the Court **DENIES** his motion of fraud mistake or condition of mind. This case remains closed.

**IT IS SO ORDERED.**

Dated: December 23, 2024               s/Sean F. Cox
                                        Sean F. Cox
                                        U. S. District Judge

2